BENJAMIN J. WILLARD *vs.* JOHN F. RANDALL *et al.*

Cumberland, 1875.—March 1, 1876.

*Trial. Fraud. Sale.*

Where the seller orally agreed to sell an article "at its cost," at the same time misrepresenting what the cost was, thereby inducing the purchaser to pay more than the cost price therefor; the question was properly left to the jury, whether the transaction was, in effect, a sale at a price called by the seller, and supposed by the purchaser to be, the cost price of the article, or a sale at the absolute and actual cost thereof.

*Thus:* The plaintiff testified: "The defendant said if I would take one-quarter of the property I should have it at cost, and he said the cost for the whole was $3750." The defendant testified: "I told the plaintiff the property would be $3750; that was just what it cost us, and we would sell him a quarter for just what it cost." The plaintiff paid at the rate of $3750, which was in fact some $900 above the actual cost to the defendant. In an action to recover the overplus; *held*, that it was a question of fact for the jury whether it was a sale at the actual cost or at the sum erroneously stated.

On exceptions from the superior court, and on motion of the defendants to set aside the verdict as against evidence.

Assumpsit on a contract by the defendants to sell to the plaintiff one-fourth of the steam yacht "Josephine Hoey," with the franchise of the ferry between Portland and Cape Elizabeth and other property connected, at the price paid by the defendants. The breach alleged was that they did not sell at that price but at a larger price.

The case showed that the defendants had a bill against the former ferry company for coal; and that the defendants purchased the franchise and other property of the ferry company from its assignee in bankruptcy, and also the yacht to run upon the ferry, and agreed to sell the plaintiff one-fourth of the whole at what it costs the defendants; the plaintiff testifying that Randall said he should have one-fourth at cost, and said that the whole cost was $3750; the defendant testifying that he fixed the price and then told the plaintiff it was just what it cost and that he would sell at cost; that in fact he received from the plaintiff more than $200 above the cost, and applied the overplus towards the payment of a coal bill against the old ferry company.

Symonds, J., at the trial, instructed the jury, among other things:

"If all that this testimony shows is a misstatement made by Randall at the time of his conversation with Willard as to the original cost of the boat, then that does not constitute such fraud as will enable the plaintiff to maintain this action. But there is a clear distinction between a misrepresentation as to the original cost, and the case of an agreement to sell at the original cost. If a man agrees to sell property at the original cost of that property to him, then that stipulation becomes a part of the contract. It is not a stipulation by which a party is induced to enter into a contract, but is a part of the contract itself, that the property shall be sold at the original cost. . . . . . . So that the question which is here presented to you for your consideration in determining the question of liability, will be, whether the conversation about the original cost of this property to the defendants was a mere misstatement of that fact, by which the plaintiff was induced to enter into

the contract, or whether it was a part of the contract itself, one of the items of the agreement that this property should be sold to Willard at the original cost. If that was a part of the agreement itself, and not a mere misstatement by which Willard was led to enter into a contract of sale, and if, after such agreement had been made to sell to Willard at the original cost, there was a fraudulent misstatement of the amount of that original cost, and that statement was relied upon by Mr. Willard, he not having means of knowledge in regard to it himself, and not being guilty of want of care in entering into the contract, these conditions being fulfilled, then the plaintiff would be entitled to maintain the action which is here presented. So you will perceive it must appear, in order to enable the plaintiff to maintain this action, that the plaintiff relied upon this contract. If it should appear to you that the figures stated at the time, the amount fixed by the parties, $937.50, was what determined Willard in his action, and not the consideration that he was to have it at the original cost, here would be no case for the plaintiff. If the plaintiff relied upon the description of the steam yacht, and also upon the price which was fixed, clearly the plaintiff would not have a cause of action here. It must appear that the agreement to sell at the original cost, was the consideration which induced the plaintiff to purchase, and that he relied upon that at the time of the transaction. If you find for the plaintiff, the plaintiff is entitled to recover the difference between the sum he paid, $937.50, and what was in point of fact one-quarter of the original cost of the property purchased, and upon that sum you can allow interest by way of additional damage."

The defendants' counsel requested the following instructions to be given to the jury, which the court refused to give except as given in the charge.

I. That the plaintiff cannot recover in this case unless the jury find that the bargain for the purchase and the sale of the property was fully entered into before any mention or statement of actual price was made.

II. If before the plaintiff agreed to purchase, the defendant made known to him any sum claimed to be the cost, and the plain-

tiff made his bargain with full knowledge that the seller alleged the cost to be that sum this action cannot be maintained.

III. That even if the defendants did, at the first of their conversation with the plaintiff, propose to sell to him a portion of the property at cost, yet if the plaintiff did not accept that proposition but made further inquiry as to the amount to be paid, and after statement of a definite amount, made the purchase, this action cannot be maintained.

IV. The plaintiff is not entitled to recover unless he exercised reasonable diligence in making the purchase.

To which instructions and refusals to instruct, the verdict being for the plaintiff, ($218.45,) the defendants excepted.

*N. Webb* and *B. D. Verrill,* for the defendants.

The instructions of the court are erroneous because:

I. They submit to the jury as matters of fact determining the legal rights of the parties, matters which by law do not affect those rights, to wit: whether the plaintiff purchasing relied upon the statament of the defendant selling, that he was selling at cost; whether the plaintiff was or not guilty of want of care in entering into the contract, and whether there was or not a fraudulent misstatement of the amount of the original cost of the property. *Holbrook* v. *Connor,* 60 Maine, 578. *Bishop* v. *Small,* 63 Maine, 12.

II. They submit to the jury as a question of fact what was the actual agreement between the parties, instead of giving the legal construction of such negotiations and conversation as might be found to have taken place between them. *Holbrook* v. *Connor,* 60 Maine, 578.

III. They ignore the legal propositions that the relations of buyer and seller are not confidential, and that where confidential relations do not exist no violation of a statement, promise, or agreement of a seller that he is selling at cost, affords any ground of action. *Holbrook* v. *Connor,* 60 Maine, 578. *Medbury* v. *Watson,* 6 Metc., 246.

IV. They do not make it a condition necessary to recovery by the plaintiff that he must have made the bargain and trade to buy at the original cost before he was informed how much that cost

was or was claimed to be. If there be any ground of action in a case like this, it must be on this basis, which might be said to render the relations of the parties semi-confidential. Hence the first three requested instructions should have been given. See cases before cited.

The evidence establishes these facts : that the defendants had actually bought all the property, including the steamer, before they had any talk with Willard about selling to him ; that Randall gave Willard the cost price or figures before any trade was made ; and that Willard in fact relied upon the description and price of the boat, and upon the value of the franchise and other property.

*A . A. Strout* and *G. F. Holmes,* for the plaintiff.

The agreement to sell at cost price became a substantive part of the contract of sale, as much so as would be a contract to sell for the price fixed by valuers, or by referees, or by a third person. *Id certum est quod certum reddi potest.* *Brown* v. *Bellows,* 4 Pick., 179. *Nutting* v. *Dickinson,* 8 Allen, 540. *Howe* v. *Huntington,* 15 Maine, 350.

The distinction between a contract for sale at the price given by the vendor, and one preceded by a mere misrepresentation as to such cost price, being fully stated in the charge, the jury must have found that the agreement was to sell at the price given by the vendor.

PETERS, J. The plaintiff claims, under the money counts, to recover a sum alleged to have been by him overpaid the defendants for an interest in a steamboat. He claims that he was induced to pay more than the contract price by the fraud of the defendants. He does not claim that he was defrauded in making the contract, but he alleges that he was defrauded in making a settlement of it. He does not, therefore, rescind the contract, but relies upon it to enable him to recover of the defendants the amount paid to them in excess of what, by the terms of the contract, they were entitled to receive.

In support of his cause, the plaintiff undertakes to show, that the bargain with the defendants was to sell him an interest in the

boat at the price which the defendants actually paid, or were to pay, to other parties therefor ; or, in other words, at the rate that the boat actually "cost" the defendants ; and that, by the misrepresentation of the defendants as to what the cost was, they received more. The defendants' version of the transaction differs from this. They claim that a fair construction of it is this : that they agreed to sell, not at cost, but at a price fixed and certain, which was represented by them to be equivalent to the cost to them. And they deny any liability, because a representation, as to what an article cost them, made to induce a sale, is not an actionable representation, as declared in *Bishop* v. *Small*, 63 Maine, 12, and settled in the cases cited in that case ; the doctrine being confined to a representation of what it cost the vendor, and not its cost to other persons. *Manning* v. *Albee*, 11 Allen, 520.

The margin between the respective positions of the parties was a narrow one, and the issue of fact to be decided was close. We are not convinced, however, that the jury erred.

Nor do we perceive any error in the summing up by the learned judge. On the contrary, his rulings appear to us to have been clear and sufficient, and exceedingly apposite to the facts in the case. The positions taken for the defendants were presented by the court to the jury with all the force they could legally bear. A sale at cost is a valid sale for whatever the cost may actually be, when correctly ascertained, although supposed to be, or represented to be, a different sum at the time of sale. And both parties are bound by that standard, unless the contract can be avoided for fraud or mutual mistake. That the price can be made certain, makes it certain. But a sale for a fixed price and definite consideration, binds the parties at such price, although the sum paid was supposed to be the cost price, when it was not. In the one case, the supposed "cost" merely induces a contract to be made. In the other, the real "cost" becomes a material part and condition of the contract itself.

The defendants were not injured by a refusal to give their requests. The explanations of the case had already been full. The idea underlying the first three requests seems to be this : that if the sale was to be at cost, and at the same time a price was named as

the cost, and acceded to by the purchaser as such, the transaction was in effect a sale at what was called cost, and not a sale at actual and absolute cost. But this was an argument of fact for the jury, rather than a proposition of law to be passed upon by the court. In this state, the jury are to ascertain the words used by the parties, and the meaning of them. Had the court followed the requests, it would have been, in some degree, a usurpation of the province of the jury.

The fourth request does not bear upon the case. The plaintiff complains of no fraud practiced on him, "in making the contract." He only complains of a fraud in the settlement of the contract. But the request, as far as applicable to the issue, had already been given.

We do not distinguish this case, in its essential features, from that of *Lord* v. *French,* 61 Maine, 420.

*Exceptions and motion overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.